UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-20758-CR-ALTONAGA(s)(s)

UNITED STATES OF AMERICA

v.

ROY M. BELFAST, JR.
_________________________/

# UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT BELFAST'S LETTER REQUESTING A MISCONDUCT INVESTIGATION

The United States of America respectfully submits that defendant Roy M. Belfast's request, DE 716, for an investigation of the prosecutors assigned to his case should be dismissed for lack of jurisdiction. Regardless of whether the defendant's filing is viewed as an effort to continue litigation over a conviction which has long been final, or as an attempt to commence some kind of new proceeding, the contentions in his filing are beyond the scope of the Court's jurisdiction, fail to establish a case or controversy, and depend on objections which this Court has repeatedly declined to entertain or which have been rendered meritless by recent authority. Thus, this Court should reject an application which otherwise fails to demonstrate misconduct and amounts to little more than a dispute with prior rulings and controlling precedent.

## BACKGROUND

A second superseding indictment charged the defendant with

conspiring to commit acts of torture, in violation of 18 U.S.C. §2340A(c); conspiring to use and carry a firearm during and in relation to a crime of violence, pursuant to 18 U.S.C. §924(o); committing acts of torture in violation of 18 U.S.C. §2340A(a); and using and carrying a firearm during and in relation to a crime of violence, pursuant to 18 U.S.C. §924(c). DE 257. The jury found the defendant guilty on all counts of the indictment. DE 581. On January 9, 2009, this Court imposed a sentence of incarceration for 1164 months. DE 618.

The defendant appealed his conviction and sentence, which the court of appeals affirmed. *United States v. Belfast*, 611 F.3d 783 (11th Cir. 2010), *cert. denied*, 131 S.Ct. 1511 (2011). The mandate issued on October 13, 2010. DE 652. Subsequently, the defendant collaterally attacked his conviction and sentence pursuant to 28 U.S.C. §2255 in Case No. 12-20754-CIV-ALTONAGA. All of his arguments were rejected, first in a magistrate judge's report and recommendation, *id*. at DE 13, and then in an order from this Court. *Id*. at DE 21. That order denied a certificate of appealability. The court of appeals denied an application for reconsideration of that order. *Id*. at DE 29.

The court of appeals also denied an application for leave to file a successive Section 2255 petition under Case No. 16-22501-CIV-ALTONAGA that sought to invoke the ruling in *Johnson v. United States*, 135 S. Ct. 2551 (2015). DE 716:37-50. In *Johnson*,

the Supreme Court held that the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), was unconstitutionally vague in its definition of a violent felony triggering the penalty provisions of that statute. The defendant was not charged under the ACCA, but sought to extend *Johnson* to the provisions of Section 924(c). A majority of the panel considering his application ruled that even if *Johnson* applied to Section 924(c), the Eleventh Circuit had determined during the defendant's direct appeal that his offenses of conviction were crimes of violence and thus, his conviction and sentence were not affected by *Johnson*, precluding relief.

The dissenting opinion raised a new concern that the Section 924(c) charge in the second superseding indictment was duplicitous. The dissent assumed that *Johnson* applied to Section 924(c). Based on that premise, the dissent opined that the defendant should have leave to file a successive petition, if only to object that conspiracy to torture would not qualify as a predicate for a Section 924(c) conviction. DE 716:43-50. The defendant previously and unsuccessfully sought relief from this Court based on the language of the dissenting opinion. DE 687, 688.

Relying on the dissent, the defendant somehow equates its conclusions with some unspecified form of prosecutorial misconduct. In addition, he returns to a jurisdictional argument raised without success on numerous occasions before this Court as supposed grounds for finding that misconduct occurred in the course of his

prosecution. *See* DE 659, 660, 663, 664, 665, 677, 668, 669, 680, 682, 683, 686, 689, 690, 691.

Specifically, the defendant continues to focus on the language of 18 U.S.C. § 2340A(b), which provides that a court has jurisdiction over the offense prohibited in § 2340A(a), the substantive offense of torture, if:

> (1) the alleged offender is a national of the United States; or
>
> (2) the alleged offender is present in the United States, irrespective of the nationality of the victim or the alleged offender.

18 U.S.C. §2340A(b). Invoking this provision, and without legal support, the defendant concludes that in order to convict him of conspiracy to torture under § 2340A(c), the United States was obligated to prove that the defendant's unindicted coconspirators were either United States citizens or present in the United States. The United States, however, has not adopted the defendant's view of what it must prove to establish that he conspired to torture. Apparently from no more than his own opinion that the United States presented insufficient evidence to support his conspiracy conviction, the defendant again concludes that the prosecution engaged in misconduct.

The United States rejects the defendant's meritless theories that any misconduct occurred in connection with his prosecution; moreover, this Court has no jurisdiction to address the defendant's

protestations, since his criminal conviction became final long ago and because it is not the role of the judiciary to investigate allegations of wrongdoing. The defendant has not identified any legal or cognizable basis for the Court to consider what he has styled as a "complaint" addressed to the chief judge of this district. For these reasons, as addressed below, this Court should reject and dismiss his claims.

## LEGAL ANALYSIS

### I. The Defendant's Criminal Case Provides No Jurisdiction To Consider His Current Complaint

With respect to the above-captioned case, it is beyond dispute that "[t]here are no proceedings pending" and that the matter is a "closed case." DE 658. In 2009, this Court imposed the defendant's sentence. DE 618. Accordingly, as the United States has stated in an earlier response, DE 684, this Court's "power to act is sharply constrained by the relevant rules of criminal procedure. Indeed, time limits for post-verdict motions are older than the Federal Rules themselves. . . ". *United States v. Gupta*, 363 F.3d 1169, 1174 (11th Cir. 2004). "Once a judgment of conviction has been entered, a prison sentence has been imposed and the defendant has begun the service of his term, jurisdiction of the court over the defendant and the criminal proceedings comes to an end except for such remedies as may be provided by the Federal Rules of Criminal Procedure, 28 U.S.C. § 2255, or the all-writs section, 28 U.S.C. § 1651." *E.g.,*

*United States v. Gernie,* 228 F.Supp. 329, 332 (S.D.N.Y.1964); *see also United States v. Ramnarace*, 39 Fed.Appx. 402, 404 (7th Cir. 2002)("Once a district court enters a final judgment (which in a criminal case means the sentence) it lacks jurisdiction to continue hearing related issues, except to the extent authorized by statute or rule"(*citing Carlisle v. United States*, 517 U.S. 416 (1996)); *United States v. Rector*, No. CR-F-05-242-OWW, 2008 WL 5135706 at *1 (E.D. Cal. Dec. 8, 2008)(court had no jurisdiction over post-sentence motion for production of exculpatory evidence); *United States v. Mitchell,* 683 F.Supp.2d 427, 432 (act of entering judgment of conviction in defendant's criminal case divests a district court of original jurisdiction over defendant's case).

The defendant has identified no rule of procedure or statute that provides a basis for this Court's jurisdiction over his latest filing. Under the rules of criminal procedure, a motion that an indictment fails to state an offense must be made before trial. Fed.R.Crim.P. 12(b)(3)(B)(v). A motion that the court lacks jurisdiction may be made "at any time while the case is pending." Fed.R.Crim.P. 12(b)(2). The defendant's criminal case is no longer pending, since the mandate has issued from the court of appeals and the Supreme Court has denied the defendant's petition for a writ of certiorari. *United States v. Elso*, 571 F.3d 1163, 1166 (11th Cir. 2009), *cert. denied*, 599 U.S. 1042 (2010). Accordingly, the rules of criminal procedure do not provide the Court with authority to

consider the defendant’s misconduct accusations under any of his erroneous theories. Instead, the rules foreclose such consideration.[1]

The defendant is also unable to resort to the statutory provisions of 28 U.S.C. § 2255 or the All Writs Act, 28 U.S.C. § 1651. With respect to Section 2255, the defendant has not sought or received leave to file a second or successive petition under that statute in connection with the above-captioned filing. Therefore, the court lacks jurisdiction to consider the motion as a Section 2255 petition. *E.g.*, *Boyd v. United States*, 754 F.3d 1298, 1301 (11th Cir. 2014) (citing 28 U.S.C. § 2255(a)); *Burton v. Stewart*, 549 U.S. 147, 153 (2007); *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003). Additionally, his pending claims are time-barred under § 2255(f), which establishes a one-year limitations period from the date that a conviction becomes final.[2]

Finally, the All Writs Act, 28 U.S.C. § 1651, provides no jurisdictional basis for consideration of the defendant’s accusations. The All Writs Act “is a residual source of authority to issue writs that are not otherwise covered by statute. Where a

1 Without explanation, the defendant’s filing mentions Fed.R.Crim.P. 4(a) and 5.1(a). Neither of these rules has any application to the defendant’s case or to the above-captioned request. Rule 4(a) addresses an arrest or summons on a complaint; however, the defendant was charged only by indictment. Rule 5.1(a) concerns preliminary hearings, which do not occur when a defendant is charged by indictment. Fed.R.Crim.P. 5.1(a)(2).

2 The limitations period may also run from other events having no application here. *See* 28 U.S.C. § 2255(f)(2)-(4).

statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." *Carlisle*, 517 U.S. at 429, quoting *Pennsylvania Bureau of Correction v. United States Marshals Service,* 474 U.S. 34, 43 (1985). The defendant's ultimate claim that the court lacked jurisdiction is one that could have been but was not raised at trial, on direct appeal, or under Section 2255. Similarly, the defendant could have challenged the sufficiency of the Section 924(c) count prior to trial. Any theory of misconduct the defendant attempts to promote now could have been raised before his trial. Therefore, jurisdiction over his current accusations cannot be found within the scope of the All Writs Act, or any other source. Absent such jurisdiction, the defendant cannot seek to revive or continue litigation over his final conviction. This Court should dismiss his application for lack of jurisdiction and otherwise reject the defendant's claims.

## II. The Court Should Decline To Investigate The Defendant's Accusations Of Misconduct

The defendant claims to seek "a misconduct investigation on the A.U.S.A.'s involved in the prosecution of my case . . .". DE 716:4. It is not, however, this Court's burden or role to conduct such an investigation. Confronting a post-conviction letter from a defendant who sought judicial investigation of prosecutorial misconduct in that defendant's own case, one district court explained:

> American federal courts are not independent free-standing investigative entities. *See Price v. Wallette*, 471 Fed.Appx. 255, 256 (5th Cir. 2012)(unpublished)(per curiam)("Federal courts are given only limited authority. They cannot investigate complaints by citizens who think they have been mistreated."). Rather, they decide cases and disputes that the parties bring to them. In the course of litigation, parties conduct discovery and private investigations, but most of that is self-executing, with courts resolving disputes that arise, rather than conducting the investigation itself. . . . While courts have the power to prevent discovery abuse and unethical conduct that occurs in cases, once a criminal case is closed, there is not much for a court to do. It must wait for the next case. In summary, courts are not well equipped to "investigate"; they are best equipped to resolve disputes that arise in litigation.

*United States v. Christy*, 883 F.Supp.2d 1040, 1055 (D. N.M. 2012). Finding no basis for jurisdiction, and noting the limited powers of federal courts, the district court in *Christy* concluded it was not appropriate to conduct a post-conviction inquiry into prosecutorial misconduct. *Id*. at 1054-55. It is no more this Court's role to undertake the burden of a misconduct investigation than it was for the district court judge in *Christy*. *See also In re United States*, 398 F.3d 615, 619 (7th Cir. 2005)("Our legal system does not contemplate an inquisitorial role for federal judges"); *United States v. Galloway*, No. 2:10CR96 at *1, n.2, 2015 WL 10683061 (E.D. Va. Jan. 27, 2015)(noting fundamental proposition that a court's power is judicial only, not administrative or investigative)(quoting *Scully v. US WATS, Inc.*, 238 F.3d 497, 515 (3d Cir. 2001)); *Jett v. Castaneda*, 578 F.2d 842, 845 (9th Cir. 1978)("Without an indictment or other charge bringing a defendant before the court, or in the

absence of a pending grand jury investigation, a district court has no general supervisory jurisdiction over the course of executive investigations”).

Even if this Court elects to view the defendant’s filing as an effort to initiate a new proceeding independent of his criminal case, his request still exceeds this Court’s jurisdiction and encroaches on the separation of powers. While that alone provides more than sufficient reason to reject the defendant’s application, his claims must fail for a host of other reasons.

For example, the defendant does not describe anything that actually amounts to misconduct. Instead, he clings to a jurisdictional argument never adopted by any court, inconsistent with existing precedent, and unsuccessful during past attempts to obtain relief. Not surprisingly, from the outset of the defendant’s criminal case, the United States has followed a different and legally supported approach. *See Belfast*, 611 F.3d at 813 (extraterritorial jurisdiction exists over a conspiracy offense where the underlying substantive crime applies to extraterritorial conduct). This court’s jurisdiction over the substantive torture counts is beyond dispute, and the defendant has made no jurisdictional challenge to any substantive charge.[3] Neither the language of Section 2340A(b) nor

---

3 The record from the defendant’s trial contains abundant evidence of his United States citizenship and his presence in this country. DE 587:66 (the defendant was born in the United States); GX CE 5 (defendant’s birth certificate); DE 591:36, 38 (defendant’s

any decision, binding or otherwise, compels the prosecution to prove jurisdiction over unindicted coconspirators. *See also Alikhani v. United States*, 200 F.3d 732, 743-35 (11th Cir. 2000)(the filing of an indictment charging violation of laws of the United States empowered the district court to enter judgment on the merits of the indictment); *Hugi v. United States*, 164 F.3d 378, 380 (7th Cir. 1999)("Subject-matter jurisdiction in every federal criminal prosecution comes from 18 U.S.C. § 3231, and there can be no doubt that Article III permits Congress to assign federal criminal prosecutions to federal courts. That's the beginning and the end of the 'jurisdictional' inquiry").

The defendant nevertheless disputes the existence of this Court's jurisdiction. The time to raise that dispute was during the pendency of his case. The mere fact, however, that the defendant can formulate an argument expressing some purported flaw in his conviction fails to establish the existence of misconduct or unethical behavior.

The United States further rejects the contention that prosecution of the 924(c) count justifies the defendant's accusations because of comments in a dissenting opinion that do not

---

statement to defense attaché that he was American); GX CE 10 (message from defendant stating he is American); GX CE 11 (electronic mail message from defendant stating "I am an American first"); DE 595:113-16, 155-158, 170 (defendant's arrest at Miami International Airport and statement that he was born in Boston, Massachusetts); GX CE 1 (defendant's United States passport); GX CE 16 (defendant's arrest warrant executed in the Southern District of Florida).

concern or even reference misconduct. Moreover, since that opinion issued, the Eleventh Circuit determined that *Johnson v. United States* does not extend to Section 924(c) charges. *Ovalles v. United States*, 861 F.3d 1257 (11th Cir. 2017). The dissent's premise that the jury might have convicted for a Section 924(c) offense based on a predicate conviction precluded by *Johnson* is no longer valid under *Ovalles*. And again, the defendant's expression of disagreement with the validity of his conviction based on a dissenting opinion in no way demonstrates the existence of any form of misconduct or anything more than a legal disagreement. Whether his speculations rest on invalidated applications of *Johnson* or on misguided jurisdictional theories, the defendant has failed to demonstrate any wrongdoing for this Court to investigate, even if such investigation were an appropriate exercise of judicial authority.

The defendant's unfounded legal disputes do not support his attempt to utilize various criminal statutes or to rely on Department of Justice policies and the provisions of 28 U.S.C § 530B. The defendant invokes criminal statutes such as 18 U.S.C. §§ 2 (aiding and abetting), 4 (misprision of felony), 241 (conspiracy against rights), and 242 (deprivation of rights under color of law). Private citizens, however, have no judicially cognizable interest in the criminal prosecution of another. *Otero v. United States Attorney Gen.*, 832 F.2d 141 (11th Cir.1987) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619, 1973)); *see also Cok v. Cosentino*, 876 F.2d 1,

2 (1st Cir.1989) (a private citizen has no authority to initiate a criminal prosecution); *Sattler v. Johnson,* 857 F.2d 224, 226–27 (4th Cir.1988) (private citizen has no constitutional right to have other citizens, including state actors, criminally prosecuted). There is no private right of action under 18 U.S.C. § 4, 241 or 242. *E.g.*, *Dugar v. Coughlin*, 613 F.Supp. 849, 852, n.1 (S.D.N.Y. 1985). "Under the authority of Art. II, § 2 [of the U.S. Constitution], Congress has vested in the Attorney General the power to conduct the criminal litigation of the United States Government." *United States v. Nixon*, 418 U.S. 683, 694 (1974)(citing 28 U.S.C. § 516); *see also Keenan v. McGrath,* 328 F.2d 610, 611 (1st Cir.1964) (per curiam) ("[W]e are unaware of any authority for permitting a private individual to initiate a criminal prosecution in his own name in a United States District Court ...."); *Smith v. Krieger,* 389 F. App'x 789, 798–99 (10th Cir.2010) ("Congress has by statute conferred the power to prosecute crimes in the name of the United States on the United States Attorney General and his delegates. The long-standing view of the Supreme Court is that such power is exclusive." (internal citation omitted)); *United States ex rel. Savage v. Arnold,* 403 F.Supp. 172, 174 (E.D.Pa.1975) ("[T]he essential role of the government (i.e. the U.S. Attorney) in the prosecution of criminal violations must of necessity preclude complaints by private citizens."). Whether through a complaint or a request to this Court, the defendant cannot use criminal statutes to relitigate his conviction.

Similarly, the Citizens Protection Act, also known as the McDade Act, 28 U.S.C. § 530B, does not create a private right of action. *Fleming v. Lappen*, No. No. Civ. 05-3570(RBK) at *2, 2006 WL 680980 (D.N.J. Mar. 10, 2006)(dismissing defendant's claims against Assistant U.S. Attorney who prosecuted him because Section 530B did not create private right of action); *Dixon v. Administrative Appeal Dept. Office of Information and Privacy*, No. 06 Civ. 6069(LAK) at *6, 2008 WL 216304 (S.D. N.Y. Jan. 22, 2008)(rejecting suggestion that Section 530B created a private right of action), *aff'd on other grounds*, 336 Fed. Appx. 98 (2d Cir. 2009); *King v. Moossy*, No. 10 1893, 2010 WL 4569994 at *1 (D.D.C. Nov. 3, 2010)(Section 530B does not authorize private right of action), *order aff'd*, 424 Fed. Appx. 11 (D.C. Cir. 2011).

Generally, the policies of the Department of Justice confer no rights on criminal defendants or private individuals. *United States v. Caceres*, 440 U.S. 741 (1979); *United States v. Bagnell*, 679 F.2d 826, 832 (11th Cir. 1982)(Justice Department policies create no enforceable rights on behalf of a criminal defendant); *United States v. Teers*, 591 Fed.Appx. 824, 838-840 (11th Cir. 2014)(IRS regulations did not provide basis to suppress statements); *see also* 28 C.F.R. § 77.5 (explicitly providing that the policies and procedures adopted pursuant to Section 530B "may not be relied upon to create a right or benefit, substantive or procedural, enforceable at law by a party to litigation with the United States, including

criminal defendants, targets or subjects of criminal investigations, witnesses in criminal or civil cases (including civil law enforcement proceedings), or plaintiffs or defendants in civil investigations or litigation; or any other person, whether or not a party to litigation with the United States, or their counsel; and shall not be a basis for dismissing criminal or civil charges or proceedings or for excluding relevant evidence in any judicial or administrative proceeding. Nor are any limitations placed on otherwise lawful litigative prerogatives of the Department of Justice as a result of this part . . . ).

Neither the statutes nor the regulations the defendant cites provide him with the means to seek redress or grounds for relief. His self-styled "complaint" fails to state a claim. This Court should accordingly reject his application.

CONCLUSION

The defendant's filing amounts to another in a series of attempts to relitigate his criminal conviction. Like all his past attempts, the defendant has not provided any basis to overcome principles of finality which are essential to the operation of the criminal justice system. *See Spencer v. United States*, 773 F.3d 1132, 1144 (11th Cir. 2014)(citing *Teague v. Lane,* 489 U.S. 288, 309, (1989), *cert. denied*, 1315 S.Ct. 2836 (2015)). There is no jurisdictional basis for his claims, and he has failed to state a cognizable legal basis for relief. The relief he requests, in the

form of a judicial investigation, is neither the responsibility of this Court nor an appropriate exercise of judicial authority. Regardless of how his complaint can be characterized, it should be dismissed for lack of jurisdiction and otherwise summarily denied.

Respectfully submitted,

BENJAMIN G. GREENBERG
ACTING UNITED STATES ATTORNEY

By: s/____________________
KAREN E. ROCHLIN
ASSISTANT U.S. ATTORNEY
99 N.E. 4th Street
Miami, Florida 33132
(305) 961-9234
karen.rochlin@usdoj.gov
Court I.D. No. A5500050

CHRISTOPHER GRAVELINE
ASSISTANT U.S. ATTORNEY
211 Fort Street, Suite 2001
Detroit, Michigan 48226
(313) 226-9155

JOHN-ALEX ROMANO
Criminal Division
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Room 1264
Washington, D.C. 20530
(202) 353-0249

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by CM/ECF and by mail this _____ day of , 2017, on Roy Belfast, Jr., No. 76556-004, USP Lee, P.O. Box 305, Jonesville, Virginia 24263-305.

s/___________________________
KAREN E. ROCHLIN